# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 18-43091-btf7 |
| Anita Louise Bean, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

## MEMORANDUM OPINION

The court must determine whether, under the "per-child" clause of Missouri's head of family exemption (the "per-child exemption"), Chapter 7 Debtor Anita Louise Bean may claim a $350 exemption for each of her four dependent minor grandchildren. Mo. Rev. Stat. § 513.440. Because the exemption statute's plain language and governing precedent explicitly permit a person to claim the per-child exemption "for each of *such person's* unmarried dependent *children*," the court: (1) GRANTS Chapter 7 Trustee Jerald Enslein's objection to Ms. Bean's per-child exemption, and (2) limits Ms. Bean's head of family exemption to $1250, the "base exemption amount" the statute permits each head of family to claim. *Id.* (emphasis added).

## JURISDICTION

The court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and 157(a) and (b). This matter is statutorily and constitutionally core under 28 U.S.C. § 157(b)(2)(B). The court, therefore, has authority to hear this matter and make a final determination. No party has contested the court's jurisdiction or its authority to make final determinations.

## BURDEN OF PROOF

As the objecting party, the trustee bears the burden of proving Ms. Bean did not properly claim the per-child exemption. Fed. R. Bankr. P. 4003(c).

## BACKGROUND

The relevant facts are undisputed. Ms. Bean filed her chapter 7 voluntary petition on December 3, 2018. On schedule A/B, she listed as assets of her bankruptcy estate her anticipated 2018 federal and state income tax refunds, which she collectively valued at $4000. On schedule C, she claimed a $2650 head of family exemption in the refunds: the $1250 base exemption amount for herself as head of family, plus the additional $350 per-child exemption for each of her four minor grandchildren.

Though Ms. Bean's four grandchildren live with her full time and depend on her for support, she has not legally adopted them. Ms. Bean does not allege that any of her grandchildren suffer from a disability.

The trustee objected to Ms. Bean's claim of the per-child exemption, arguing a non-parent may not claim the per-child exemption. Consequently, he requests the court limit Ms. Bean's head of family exemption to the $1250 base exemption amount. Ms. Bean responded, arguing the court should construe the head of family exemption liberally in favor of Ms. Bean, and allow her to claim both the base exemption amount and the per-child exemption.

The court held a hearing on the trustee's objection on May 7, 2019. At the conclusion of the May 7, 2019, hearing, the court asked the parties to submit briefs

on Ms. Bean's entitlement to claim the per-child exemption and took the matter under advisement. Counsel for both parties have fully briefed the issue in this case.

## DISCUSSION

The sole issue before the court is whether a non-parent relative may claim the per-child exemption under Mo. Rev. Stat § 513.440. Section 513.440 provides:

> Each head of a family may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of one thousand two hundred fifty dollars plus three hundred fifty dollars for each of such person's unmarried dependent children under the age of twenty-one years or dependent as defined by the Internal Revenue Code of 1986, as amended, determined to be disabled by the Social Security Administration, except ten percent of any debt, income, salary or wages due such head of a family.

Mo. Rev. Stat. § 513.440.

Section 513.440 establishes a two-part exemption, each part with unique prerequisites. First, a person may claim the $1250 base exemption amount if he or she is the head of a family. *See, e.g.*, *In re Diedrich*, 2017 WL 6568051, at *2 (Bankr. W.D. Mo. Dec. 22, 2017) (broadly construing "head of family"); *In re Townsend*, 344 B.R. 915, 917–18 (Bankr. W.D. Mo. 2006) (same).

The first part of Missouri's head of family exemption, the $1250 base exemption amount, is not at issue here. The parties agree that Ms. Bean is the head of her family—a group that includes herself and her four dependent grandchildren. Thus, she may exempt $1250 of her tax refund under § 513.440.

Next, a head of family may claim an additional $350 for each dependent that is either (A) "such person's unmarried dependent child[] under the age of twenty-one years," or (B) "dependent as defined by the Internal Revenue Code of 1986, as

3

amended, determined to be disabled by the Social Security Administration." Mo. Rev. Stat. § 513.440. None of Ms. Bean's grandchildren have been determined to be disabled by the Social Security Administration. Thus, the court will limit its analysis to whether Ms. Bean's grandchildren constitute "[her] unmarried dependent children under the age of twenty-one years" under § 513.440.

Absent biological parenthood or its legal equivalent, neither the plain language of § 513.440 nor governing precedent permit a head of family to claim the per-child exemption for his or her grandchildren. First, Ms. Bean's interpretation conflicts with the plain language of § 513.440. "Proper statutory analysis demands that we assume a statute says what it means and means what it says. . . . If the words of the statute are unambiguous, our inquiry is complete." *Turpen v. Rouse (In re Turpen)*, 482 B.R. 273, 275 (B.A.P. 8th Cir. 2012) (citing *Owner–Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.*, 651 F.3d 857, 862 (8th Cir. 2011)). The statute's possessive form "such person['s] . . . children" supports the inference that the Missouri legislature intended to limit the per-child exemption to a head of family's sons or daughters. *Id.*

Ms. Bean's assertions that (1) the words "such person" in § 513.440 refer to "[e]ach head of family," and (2) the court should broadly construe the exemption statutes, are inapposite. Certainly, "such person" does refer to "head of family." But the language Ms. Bean cites does not undermine the court's interpretation: § 513.440 permits a head of family to claim the per-child exemption "for each of [the head of family]'s unmarried dependent children under the age of twenty-one years." It does

4

not permit the court to ignore the requirement that those unmarried dependents also be the head of family's children.

Furthermore, the court's obligation to construe exemption statutes liberally in favor of debtors does not permit the court to ignore the plain language of the exemption statute. *In re Swigart*, 339 B.R. 724, 727 (Bankr. W.D. Mo. 2006) (requiring liberal construction); *Law v. Siegel*, 571 U.S. 415, 421 (2014) (holding bankruptcy court may not use equitable authority to circumvent statutory mandates). Relatives routinely support young people other than their children. But the Missouri legislature afforded the per-child exemption only to parents. The court declines to extend § 513.440 beyond its plain meaning.

Next, the Bankruptcy Appellate Panel for the Eighth Circuit's decision in *In re Turpen* supports a plain language approach. 482 B.R. at 274–76. In *Turpen*, the Court determined a head of family may only claim the per-child exemption for each "'son or daughter belonging to such person . . . 'a father's child.'" *Id.* at 275 (implicitly overruling *In re Arnold*, 193 B.R. 897, 901 (Bankr. W.D. Mo. 1996) (permitting nonparent to claim the per-child exemption)). *Turpen* also explained, "§ 513.440 plainly states that only a child belonging to the head of family—either by blood or adoption—qualifies for the unmarried dependent child exemption."

*Turpen*'s reasoning is persuasive in this case. Though the *Turpen* Court used the words "by blood or adoption" to describe a head of family's eligibility for the per-child exemption, read in its entirety, *Turpen* nonetheless requires a parental or

5

equivalent legal relationship. It does not authorize the court to circumvent the statute's plain language.

Because Ms. Bean's grandchildren are not her children, she may not claim the per-child exemption under the plain language of § 513.440 and governing precedent.

## CONCLUSION

For the above reasons, the court (1) SUSTAINS the trustee's objection to Ms. Bean's exemption, and (2) limits Ms. Bean's head of family exemption to $1250. This memorandum opinion constitutes the court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, made applicable to this contested matter by Fed. R. Bankr. P. 9014(c) and 7052.

Dated: 6/20/2019                  /s/ Brian T. Fenimore
                                               UNITED STATES BANKRUPTCY JUDGE